UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY J. DECARLIS,<br><br>Plaintiff,<br><br>-against-<br><br>ARAMARK SERVICES, INC.;<br>THE SOLOMON PAGE GROUP, LLC;<br>JPMORGAN CHASE & CO.,<br><br>Defendants. | 26-CV-5490 (JAV)<br><br>ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action in which he asserts claims of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and under the Fair Credit Reporting Act, 15 U.S.C. § 1681. He also asserts a claim under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, as well as common law claims of unjust enrichment and fraudulent misrepresentation. Plaintiff sues: (1) Aramark Services, Inc.; (2) The Solomon Page Group, LLC; (3) and JPMorgan Chase & Co. He seeks monetary and declaratory relief.

By order dated July 2, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court directs service on Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Aramark Services, Inc., The Solomon Page Group, LLC, and JPMorgan Chase & Co., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to issue a summons for each defendant, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: August 25, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Aramark Services, Inc.
   1101 Market Street
   Philadelphia, PA 19107

2. The Solomon Page Group, LLC
   260 Madison Avenue
   New York, NY 10016

3. JPMorgan Chase & Co.
   383 Madison Avenue
   New York, NY 10179